UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

JOHN A. HUMPHRESS                                                              PLAINTIFF

v.                                                          CIVIL ACTION NO. 1:07CV-126-M

COMMONWEALTH OF KENTUCKY
TAYLOR COUNTY DISTRICT COURT                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for emergency order/injunction. Although not a model of clarity, the motion appears to allege that Plaintiff is set to begin a period of incarceration on Monday, July 16, 2007, pursuant to a Taylor District Court order. Plaintiff contends, however, that his cardiologist has recommended against such a sentence, and he effectively asks this Court to prevent his impending incarceration. He additionally asks that this Court remove his criminal action to federal court, or alternatively, order the state judges to "conduct hearing[s] to rule on numerous motions." Plaintiff further alleges that the "same action" is on appeal in the Taylor Circuit Court.

Because the judge assigned to this matter is currently unavailable and given the nature of the pending motion, it was referred to the undersigned for review. As explained below, after having reviewed the motion and the underlying complaint, the Court concludes that the motion does not present a colorable claim for relief, and, therefore, does not merit the issuance of any immediate relief from the Court.

In order to obtain preliminary injunctive relief, it is incumbent upon the movant to show a strong or substantial likelihood of success on the merits, irreparable injury that will occur in the absence of the injunction, lack of harm to third parties by the issuance of the relief, and the

interest of the public served by issuance of the injunction. *Frisch's Restaurant, Inc. v. Shoney's Inc.*, 759F.2d 1261, 1263 (6th Cir. 1985); *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). Here, there has been no showing of a likelihood of success on the merits.

"[A] federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

Plaintiff contends that his pending criminal case is on appellate review. The Commonwealth of Kentucky has an important state interest in adjudicating that matter. Plaintiff has failed to articulate any reason to believe that the Kentucky state courts will not fully and fairly litigate his claims. If an appeal to the circuit court is unsuccessful, he still has a number of state court remedies available to him, including appeals to the Kentucky Court of Appeals and potentially with the Kentucky Supreme Court. In light of the available avenues through which to raise a constitutional challenge, this Court will not interfere with an on-going Kentucky state court proceeding. Plaintiff has failed to show that the state courts are unable to adjudicate his claims at this time. He demonstrates no injury which is irreparable, given the state appeal process in which Plaintiff is admittedly engaged.

For these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that the motion for emergency order/injunction is **DENIED**.

This __13__ day of __July__, 2007.

CHARLES R. SIMPSON III, JUDGE
UNITED STATES DISTRICT COURT

cc: Plaintiff, *pro se*
     Attorney General
4411.005

Entered
Jeffry C. Apperson
Clerk of Court
July 13, 2007