UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**JOHN A. HUMPHRESS**                                                                                          **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO. 1:07-CV-126-M**

**COMMONWEALTH OF KENTUCKY et al.**                                                  **DEFENDANTS**

## MEMORANDUM OPINION

The plaintiff, John A. Humphress, has filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is now before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

The plaintiff's complaint is not a model of clarity. The plaintiff sues the Commonwealth of Kentucky; "officers of the court"; "assistant prosecutors"; District Court Judge Anderson; Circuit Court Judge Bertram; former Judge Avritt; Clerk Buras; Judge George; and Attorney Craig Cox. He references "due process and service of process," a "lack of jurisdiction over the subject and the subject matter," and "Double Jeopardy [because] District action while case has appellate action and circuit action." He alleges violations of the Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the U.S. Constitution. He refers to state criminal cases and argues that the records in those cases have no signed complaint, no affiants, and no affidavit of any reason to believe a crime was committed. He states,

> Dog catcher under the color of the law, impersonating an officer did cite and seize property and conducted numerous searches without warrants or orders. Property not used in crime. No statute to confiscate or orders. No statute for the property to be sold to pay upkeep of property and to sell property to pay a debt. Property sold to prepay defendant's time for incarceration. No probation

> considered, excessive bail of $50,000 with no recorded reason for the judge to set it above $2,000 uniform published schedule. All judges involved deny their duty in answering 52.02, 52.03, 59.05 60.02 motions. Judges won't go against others. Ex parte communication continues.

He further states that 52.02 and 59.05 motions have been before the district judge since March; that the record has been out of the clerk's office and in Appellate Judge Bertram's office for over six months; and that Judge Bertram has had numerous motions before him including one for habeas corpus while the plaintiff was in jail. He alleges that the district, circuit, and appellate judges have sat on motions to keep him incarcerated and that incarceration is ordered to start on July 16, 2007, which is against his doctor's order.

He requests immediate emergency relief of an injunction to suppress the order for home incarceration. His request for emergency relief already has been the subject of an order by the Court. He also requests to have his state court cases moved to this Court; to be reimbursed for property and damages; and for expunge the records.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff

has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

A.      Clerk Buras, Attorney Cox, "officers of the court," and "assistant prosecutors"

The complaint makes no specific allegations against Clerk Buras, Attorney Craig Cox, "officers of the court," or "assistant prosecutors." In order to assert a cognizable § 1983 claim, a plaintiff must allege specific facts. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. l986). The required facts must provide adequate detail to support the claim, such as specific incidents of deprivation of plaintiff's rights, how each defendant was involved, the names of other persons involved, dates, and places. The specific facts must also explain how each defendant is responsible for the alleged injuries. *Smith v. Rowe*, 76l F.2d 360, 369 (7th Cir. l985).

While this Court has a duty to hold a *pro se* complaint to less stringent standards than complaints drafted by an attorney, *Boag*, 454 U.S. at 365, the duty "does not require [the court] to conjure up unpled allegations." *McDonald v. Hall*, 6l0 F.2d l6, l9 (lst Cir. l979). Because the

plaintiff has not made any allegations against these defendants, they will be dismissed.

### B. *Defendant judges*

The plaintiff does not indicate in which capacity he sues the judges. Because the plaintiff references them in the context of their official position, the claim will be construed as brought against them in their official capacity. *See Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc) (holding that where § 1983 plaintiff fails to affirmatively plead capacity in the complaint, the Court looks to the course of proceedings to determine whether the Sixth Circuit's concern about notice to the defendant has been satisfied).

Because the plaintiff sues the state judges in their official capacities, the claims brought against them are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Thus, because the plaintiff seeks money damages from these state officers in their official capacities, he failed to allege cognizable claims under § 1983. Moreover, the defendants are immune from monetary damages under the Eleventh Amendment. *See id.* To the extent that the plaintiff seeks equitable relief, § 1983 does not allow it except in certain situations not present here.

Because the plaintiff failed to state a claim upon which relief could be granted and because he seeks monetary relief from defendants who are immune from such relief, the Court will dismiss these claims pursuant to §§ 1915A(b)(1) and (b)(2). Therefore, all of the plaintiff's

claims against Judges Anderson, Bertram, Avritt, and George will be dismissed by separate order. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006).

To the extent that the plaintiff's complaint can be construed as requesting mandamus relief in the form of an order of this Court for the state court judges to perform certain functions, that claim fails because this Court lacks jurisdiction over such a mandamus action. Jurisdiction of the federal courts is limited. "[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (citations omitted). Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The plaintiff, however, does not ask this Court to compel any officer, employee, or agency of the *United States* to perform any duty owed him. Rather, the plaintiff's implied requested relief would require this federal Court to compel state judges to rule on pending motions. Federal mandamus relief is not proper in this circumstance. To be sure, "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). The Court, therefore, lacks subject matter jurisdiction over any request for mandamus relief. Thus, to the extent that the plaintiff requests mandamus relief, that claim or claims must be dismissed.

C.    *Commonwealth of Kentucky and Taylor County District Court*

Unless Eleventh Amendment immunity is expressly waived, a state and its agencies are immune from an action for damages and injunctive relief in federal court. *See Papasan v. Allain*,

5

478 U.S. 265, 276-79 (1986); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). The Commonwealth has not consented to suit in the federal courts, and Congress has not abrogated Kentucky's sovereign immunity so that citizens may seek relief from it under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (explaining that the Court has made clear that "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity"). Accordingly, the plaintiff's claims against the Commonwealth of Kentucky must be dismissed. Because it is a state agency, dismissal also is proper as to defendant Taylor County District Court for the same reason. *See McKee v. Fayette Circuit Court*, No. 95-5011, 1995 WL 559331, at *2 (6th Cir. Sept. 20, 1995) (holding dismissal of Kentucky circuit court was proper due to Eleventh Amendment immunity; citing *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472-73 (1987)).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, dismiss the plaintiff's complaint for failure to state a claim and for seeking monetary relief against a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

Date:

cc:    Plaintiff, *pro se*
       Defendants

4414.009